IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LACY DULL,**

      **Plaintiff,**

**v.**                                            **No. CIV-16-0345 GJF/LAM**

**DESERT SUN, Inc., DESERT SUDS, Inc.,**
**ROBERT A. MARTINEZ, and**
**HERMAN SMITH,**

      **Defendants.**

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and all non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel should read "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **May 26, 2016**, to discuss: (1) the nature and bases of their claims and defenses; (2) the possibility of a prompt resolution or settlement; (3) making or arranging for complete initial disclosures as required by Fed. R. Civ. P. 26(a)(1); (4) preserving discoverable information, including electronically stored information; and (5) the formulation of a provisional discovery plan. Fed. R. Civ. P. 26(a)(1) and (f). In formulating a provisional discovery plan, counsel and *pro se* parties should meaningfully discuss: (1) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues; (2) any issues about the disclosure, discovery, or preservation of

electronically stored information, including the form(s) in which it should be produced; (3) any issues about claims of privilege or confidentiality of materials, including exploring whether the parties can agree on a procedure to assert these claims and whether they will ask the Court to include any agreement in an order; (4) whether any changes should be sought to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules; and (5) the facts and the law governing the case to which the parties are willing to stipulate.

Pursuant to Fed. R. Civ. P. 26(d)(2), the parties may deliver discovery requests under Fed. R. Civ. P. 34 prior to the "meet and confer" date; however, those requests are not considered to have been served until the first "meet and confer" session.

**Initial disclosures under Fed. R. Civ. P. 26(a)(1), that have not already been made, shall be made within fourteen (14) days of the meet-and-confer session.**  The parties are advised to strictly follow the letter and spirit of Fed. R. Civ. P. 26(a)(1) in preparing their initial disclosures.  Initial disclosures are intended to accelerate the exchange of core information about the case and eliminate the need for formal discovery at the early stages of litigation.  *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(1).  The parties must seek to meet these objectives in making their initial disclosures, and should be prepared to explain how they have fully complied with their obligations under Fed. R. Civ. P. 26(a)(1) at the Rule 16 Initial Scheduling Conference.

The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")* which follows the sample JSR available at the Court's web site.[1]  All attorneys must show their complete mailing address(es) and telephone number(s) under the "Appearances" section of the JSR.  *Do not* indicate witnesses' addresses as "in care of" an attorney's office.  The

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007.  Please visit the Court's web site, www.nmcourt.fed.us to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

city or town of residence of each witness must be included so that the trial judge can consider that information in determining the trial location.  The blanks for suggested/proposed dates are to be filled in by the parties, bearing in mind that the time allowed for discovery is generally 120 to 150 days and will run from the date of the Rule 16 Initial Scheduling Conference.  The Court will determine actual case management deadlines after consideration of the parties' requests.  Plaintiff (or Defendant in removed cases) is responsible for electronically filing the JSR **no later than June 9, 2016.**

Parties may not modify case management deadlines on their own.  Good cause must be shown, and the Court's express and written approval obtained, for any modification of the dates in the scheduling order that issue from the JSR.

A Rule 16 Initial Scheduling Conference will be held by telephone on **Thursday, June 16, 2016 at 3:30 p.m. (Trailing Docket – please be available 15 minutes prior to the start of this hearing). The parties shall call into the Court's "meet-me" line at 505-348-2694. The Court's phones can only accommodate up to six telephone lines, including the Court's.  If the parties anticipate that they will exceed this capacity, they must contact the Court immediately so that alternative arrangements may be made.**  Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed (*see Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993)), initial disclosures, and the timing of expert disclosure and reports under Fed. R. Civ. P. 26(a)(2).  We will also discuss settlement prospects and alternative dispute resolution possibilities.  Client attendance is not required.  Pre-trial practice in this cause shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the parties shall:

| | |
|---|---|
| **Meet and confer by:** | **May 26, 2016** |
| **File their JSR with the Court by:** | **June 2, 2016** |
| **Provide Initial disclosures by:** | **June 9, 2016** |
| **Attend the telephonic Rule 16 Initial Scheduling Conference:** | **June 16, 2016** |

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**